IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**THE ESTATE OF BETTY JEAN**
**ALEXANDER, DECEASED**                                                                                      **PLAINTIFF**

V.                                                                  CIVIL ACTION NO. <u>1:23cv192 TBM-RPM</u>

**NEWREZ, LLC f/k/a NEW PENN**
**FINANCIAL, LLC d/b/a SHELLPOINT**
**MORTGAGE SERVICING; RUBIN LUBLIN, LLC;**
**NEK RESTAURANT HOLDINGS, LLC;**
**COLONY PARK CONDOMINIUM ASSOCIATION,**
**INC.; WILLIAM L. PEEBLES; FELICIA D.**
**ALEXANDER AND JOHN DOE 1-5**                                                                            **DEFENDANTS**

## NOTICE OF REMOVAL

Defendant NewRez, LLC f/k/a New Penn Financial LLC d/b/a Shellpoint Mortgage Servicing ("NewRez") files this Notice of Removal, removing this action from the Circuit Court of Harrison County, Mississippi, First Judicial District, to the United States District Court for the Southern District of Mississippi, Southern Division. NewRez states the following as grounds for removal:

### Background

1.      On June 27, 2023, Plaintiff, The Estate of Betty Jean Alexander, Deceased ("Plaintiff"), filed, in the Circuit Court of Harrison County, Mississippi, First Judicial District, a civil action numbered 1:23-cv-00230 and styled *The Estate of Betty Jean Alexander, Deceased v. NewRez, LLC f/k/a New Penn Financial LLC d/b/a Shellpoint Mortgage Servicing, et al.* (the "State Court Action"). Plaintiff's Complaint in the State Court Action is attached hereto as **Exhibit A.**

2.      The Complaint relates to Betty Jean Alexander's mortgage loan (the "Loan"), which was secured by a deed of trust encumbering real property commonly known as 2501 Gulf Avenue, Unit 25, Gulfport, MS 39501 (the "Property"). Ex. A ¶¶ 10-11.

1

3. Despite being mentioned in, and central to, the Complaint, the subject deed of trust was not attached to the Complaint. Accordingly, NewRez has attached it here as **Exhibit B**.

4. The Complaint alleges that in December 2020, NewRez informed Lee Morris Alexander, Ms. Alexander's supposed beneficiary, that the Loan was past due, and that a $1000 payment was necessary to bring the Loan current. *Id.* ¶¶ 16-17.

5. Supposedly, Mr. Alexander made the $1000 payment and "all other payments on the real property as required." *Id.* ¶ 17. The Complaint contends that, "[d]espite having payments current [and] knowing the property was an asset of [Plaintiff], NewRez foreclosed" in June 2022 "without ever contacting anyone" and continued to accept Mr. Alexander's payments thereafter. *Id.* ¶ 18.

6. Based on these allegations, the Complaint asserts claims for wrongful foreclosure, conversion, breach of good faith and fair dealing, and intentional/negligent misrepresentation. *Id.* at 7-9.

7. For relief, the Complaint seeks a declaratory judgment, an award of at least $750,000 in compensatory damages and at least $1 million in punitive damages, and attorney's costs and fees. *Id.* at 12.

**Basis for Removal: Diversity Jurisdiction**

8. Removal of the State Court Action to this Court is proper under 28 U.S.C. § 1441 because the Complaint could have been originally filed in this Court under 28 U.S.C. § 1332, as the properly joined parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See Smallwood v. Ill. Cent. R. Co.*, 385 F. 3d 568, 572-73 (5th Cir. 2004).

2

### A. Complete diversity exists between the properly joined parties.

9. Plaintiff is a resident citizen of Harrison County, Mississippi. *See* Ex. A ¶ 1.

10. NewRez is a limited liability company organized and existing under the laws of the State of Delaware. For diversity purposes, the citizenship of a limited liability company is determined by the citizenship of each of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). NewRez is a wholly owned subsidiary of Shellpoint Partners LLC, a Delaware limited liability company. Shellpoint Partners LLC is a wholly owned subsidiary of NRM Acquisition LLC and NRM Acquisition II LLC, Delaware limited liability companies. Both NRM Acquisition entities are wholly owned subsidiaries of New Residential Mortgage LLC, a Delaware limited liability company. New Residential Mortgage LLC is a wholly owned subsidiary of Rithm Capital Corp. a Delaware corporation. Accordingly, NewRez is a citizen of Delaware for the purposes of diversity jurisdiction.

11. The citizenship of the remaining named defendants can be disregarded in determining diversity jurisdiction because they are improperly joined.

12. "Early in its history, th[e] [Supreme] Court established that the 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy. . . . Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460–61 (1980) (internal citations omitted).

13. Under the doctrine of improper joinder (sometimes called fraudulent joinder), a defendant has been improperly joined if: (1) there is fraud in the pleading of jurisdictional facts, or (2) the plaintiff is unable to establish a cause of action against the defendant. *See Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006); *Travis v. Irby*, 326 F.3d 644, 648

(5th Cir. 2003).

14. When assessing the second situation, the test "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573.

15. One means of predicting whether a plaintiff has a reasonable basis of recovery under state law is to "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state laws against the in-state defendant." *Id.*

> ***i. The Complaint fails to state a plausible claim as to the in-state defendants.***

16. The Complaint names only two Mississippi defendants: Colony Park Condominium Association, Inc. ("Colony Park") and William L. Peebles. Ex. A ¶¶ 5-6.

17. Colony Park, reportedly, was aware of, and knew how to contact, the Property's owner but "refused to provide the lender with that information" at a time when it was "contacted by the mortgage company regarding its HOA lien who informed Colony Park it intended to foreclose . . . ." *Id.* ¶ 20.

18. The Complaint offers no further factual support to detail this supposed event and makes no further allegations of wrongdoing against Colony Park.

19. As for Mr. Peebles, the Complaint contends he is counsel for the Estate and its initial administratrix. *Id.* ¶¶ 12-15. In that role, Mr. Peebles supposedly "intentionally refused to make payments as required to preserve [Plaintiff's] assets . . . as required to the condominium association for dues and assessments, . . . [and] as required to protect [Plaintiff's] assets . . . by having the proper repairs made to the condominium." *Id.*

4

20. The Complaint offers no factual allegations as to when the payments should have been made, when the alleged refusals occurred, what repairs were needed, etc.

21. These limited, conclusory allegations are made simply to defeat diversity, for not one legal claim rests on them.

22. The wrongful-foreclosure claim is based solely on Plaintiff's belief that, by failing to contact Mr. Alexander before foreclosing on the Property, NewRez and Rubin Lublin, LLC breached the subject deed of trust. *Id.* ¶¶ 22-28.

23. The claim for breach of good faith and fair dealing likewise turns on the deed of trust, arguing it, as a contract, contained the implied covenant purportedly breached. *Id.* ¶¶ 32-36.

24. The conversion claim focuses entirely on NewRez allegedly accepting Mr. Alexander's funds but not crediting them as mortgage payments. *Id.* ¶¶ 29-31.

25. The intentional/negligent misrepresentation claim is grounded in NewRez's supposed representation to Mr. Alexander that a payment of $1000, followed by monthly payments, would bring the Loan current and maintain that status. *Id.* ¶¶ 37-42.

26. In an apparent attempt to circumvent the clear failure of any claim to concern an in-state defendant, the Complaint concludes each claim by making conclusory allegations of wrongdoing against "Defendants." *See id.* ¶¶ 26-28 (wrongful foreclosure), ¶ 31 (conversion), ¶¶ 33-36) (breach of good faith and fair dealing), ¶¶ 40-42 (misrepresentation).

27. That practice is classic shotgun pleading. "[S]hotgun pleadings . . . fail to distinguish between the actions of named defendants." *Sahlein v. Red Oak Capital, Inc.*, No. 3:13-CV-00067-DMB-JM, 2014 WL 3046477, at *3 (N.D. Miss. July 3, 2014) (internal quotation omitted). Rather, they "lump all Defendants together and make no differentiation between Defendants as to any action taken" with respect to a claim. *Slocum v. Allstate Ins. Co.*, No. 2:19-

cv-153-KS-MTP, 2020 WL 428021, at *6 (S.D. Miss. Jan. 27, 2020); *see also Sahlein*, 2014 WL 3046477, at *3-4 (dismissing complaint where "numerous paragraphs in the complaint attribute[d] discrete actions . . . to all or multiple defendants without explaining the basis for such grouping or distinguishing between the relevant conduct of the named Defendants").

28. Shotgun pleadings violate Federal Rule of Civil Procedure 8(a)(2). *Rush v. STIHL, Inc.*, No. 3:17-CV-915-DPJ-FKB, 2020 WL 1276103, at *7 n.5 (S.D. Miss. March 17, 2020); *see also Griffin v. HSBC Mortg. Svcs., Inc.*, No. 4:14-cv-00132-DMB-JVM, 2015 WL 4041657, at *5 (N.D. Miss., July 1, 2015) (explaining that shotgun pleadings are objectionable and violate FRCP 8 because they render claims "indeterminate" and "significantly impair[]" defendant's ability to defend against them).

29. The Complaint's shotgun pleading is a clear attempt to mask the in-state defendants' status as improperly joined parties.

### ii. The other foreign defendants are, likewise, improperly joined parties.

30. Although the Complaint concedes the remaining defendants are non-residents, a discussion of them, aside from NewRez, is warranted to demonstrate their status as nominal, improperly joined defendants.

31. The Complaint makes a single factual allegation as to NEK Restaurant Holdings, LLC ("NEK"), contending it possesses the Property and is renovating the same, despite receiving a letter from Plaintiff "information them of the wrongful foreclosure and requesting all personal property removed from the [] [P]roperty be returned." Ex. A ¶¶ 54-56.

32. As for Felicia Alexander, the Complaint appears to accuse her of the same wrongdoing of which it accuses Mr. Peebles: refusing to make payments and repairs. *Id.* ¶¶ 12-15.

33. Just as the Complaint's claims do not turn on the in-state defendants' conduct, so

6

too do the claims fail to depend on the limited allegations made against NEK and Ms. Alexander. *See id.* at 7-9.

34. The Complaint attempts to lump Rubin Lublin, LLC ("Rubin Lublin"), the final foreign defendant, into the wrongful-foreclosure claim by contending it is a party to the deed of trust. *Id.* ¶¶ 22-27.

35. That allegation is false, as evidenced by the subject deed of trust. *See* Ex. B. The Complaint does not contain any factual allegations making plausible that Rubin Lublin became a party to the deed of trust. Rather, the Complaint contends Rubin Lublin was the <u>substituted trustee</u> that foreclosed on the Property. Ex. A ¶ 19.

36. This Court has routinely disregarded, for purposes of jurisdiction, parties who have no material claim or interest in the subject matter of the controversy, or who will not be directly affected by an adjudication of the controversy. *See Jeanes-Kemp, LLC v. Johnson Controls, Inc.*, 1:09CV723 LG–RHW, 2010 WL 502698, at *1 (S.D. Miss. Feb. 5, 2010) (finding substituted trustee to be nominal party); *Hawkins v. Wells Fargo Bank, N.A.*, No. 1:07cv399, 2008 WL 216529, at *1 (S.D. Miss. Jan. 23, 2008) (same); *Sones v. Simmons*, 1:05cv424-KS-MTP, 2006 WL 2805325, at *1 (S.D. Miss. Sept. 25, 2006) (same).

37. "In accordance with this view, U.S. District Courts for both the Northern and Southern Districts of Mississippi have found substituted trustees to be nominal parties having no real interest in wrongful foreclosure actions." *Parker v. CitiMortgage, Inc.*, No. 2:14- cv-173-KS-MTP, 2015 WL 2405168, at *3 (S.D. Miss. May 20, 2015) (citing *Taylor v. Ocwen Loan Servicing, LLC*, No. 2:12cv107, 2014 WL 280399, at *2 (N.D. Miss. Jan. 24, 2014)).

38. Based on this precedent and the conclusory allegations in the Complaint, it is not plausible that Plaintiff can recover against NEK, Mr. Alexander, or Rubin Lublin, which makes

them nominal, improperly joined parties.[1]

39.     The Complaint's collective allegations and demands against all defendants cannot defeat this analysis. *See Bunton v. Corr. Corp. of Am.*, No. 4:04cv354, 2007 WL 2077690, at *3 (N.D. Miss. July 11, 2007) ("conclusory allegations against all 'defendants' fail to state a claim upon which relief can be granted.").

**B.     The amount in controversy exceeds $75,000.**

40.     For purposes of removal, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).

41.     The Complaint demands <u>at least</u> $750,000 in compensatory damages and <u>at least</u> $1 million dollars in punitive damages.

42.     In addition, the Complaint requests other monetary damages and attorney's fees. These items are also part of the amount-in-controversy calculation. *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675-77 (5th Cir. 2003); *Grant v. Chevron Philips Chem. Co.*, 309 F.3d 864, 874 (5th Cir. 2002).

43.     Thus, it is apparent from the Complaint's face that the amount-in-controversy requirement is met.

<u>**Venue**</u>

44.     Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace Harrison County, Mississippi, which houses the Circuit

---

[1] The Complaint's failure to state a legal claim against these parties means neither declaratory nor monetary relief may be awarded with respect to them. *See Smitherman v. Bayview Loan Servicing, LLC*, 727 F.App'x 787, 792 (5th Cir. 2018) (holding that, without successful underlying cause of action against particular defendant, plaintiff is not entitled to a remedy of declaratory judgment against it); *Barnett v. City of Laurel*, No. 2:18-CV-92-KS-MTP, 2019 WL 5865774, at *6 (S.D. Miss. Nov. 8, 2019) ("[D]emands for declaratory and injunctive relief are not free-standing claims. Rather, they are demands for remedies on the underlying causes of action.").

Court of Harrison County, Mississippi, the forum in which the State Court Action was pending.

**Additional Requirements**

45.     NewRez was served with the Summons and Complaint on July 10, 2023. Accordingly, this removal is timely filed under 28 U.S.C. § 1446(b).

46.     NewRez has attached a copy of the entire record in the State Court Action here as **Exhibit C**, as required by 28 U.S.C. § 1446(a) and Local Uniform Civil Rule 5(b).

47.     NewRez will promptly provide written notice of the filing of this Notice of Removal to all adverse parties and will promptly file a copy of the notice with the clerk of the Circuit Court of Harrison County, Mississippi, as required by 28 U.S.C. § 1446(d).

48.     For the reasons detailed herein, no defendant aside from NewRez is properly joined. Accordingly, the other defendants' joinder in, or consent to, removal is not necessary. *See* 28 U.S.C. § 1446(b)(2)(a) (noting only "properly joined and served" defendants must join in or consent to removal solely under section 1441(a)); *see also Pace v. Cirrus Design Corp.*, 630 F. Supp. 3d 821, 825 (S.D. Miss. 2022).

49.     If any question arises as to the propriety of this removal, NewRez requests the opportunity to present briefing and oral argument and to conduct jurisdictional discovery in support of its position that this Court has subject matter jurisdiction.

50.     Nothing in this Notice of Removal shall be interpreted as a waiver, estoppel, preclusion, or relinquishment of NewRez's ability to assert any claim, counterclaim, cross-claim, third party claim, defense, or affirmative matter available under Rule 12 of the Mississippi or Federal Rules of Civil Procedure, and state or federal statute, common law or otherwise.

51.     Under 28 U.S.C. § 1446(d), no further proceedings shall be had in the Circuit Court of Harrison County, Mississippi.

Respectfully submitted, August 9, 2023.

/s/ *Stevie F. Rushing*
Stevie F. Rushing (MS Bar #105534)

ATTORNEY FOR DEFENDANT NEWREZ, LLC F/K/A NEW PENN FINANCIAL LLC D/B/A SHELLPOINT MORTGAGE SERVICING

OF COUNSEL:
Bradley Arant Boult Cummings, LLP
One Jackson Place
188 East Capitol Street, Suite 1000
P.O. Box 1789
Jackson, MS 39215-1789
Telephone: (601) 948-8000
Facsimile: (601) 948-3000
srushing@bradley.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date served the above and foregoing by placing a copy of the same in the U.S. Mail, first-class postage prepaid, and addressed to the following:

    Lewie G. "Skip" Negrotto IV
    Negrotto & Associates, PLLC
    300 Davis Avenue, Ste. 101-A
    Pass Christian, MS 39571
    skip@negrottolaw.com

    *Attorney for Plaintiff*

Submitted this 9th day of August 2023.

                               */s/ Stevie F. Rushing*
                               OF COUNSEL