IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI
FIRST JUDICIAL DISTRICT

THE ESTATE OF BETTY JEAN
ALEXANDER, DECEASED                          PLAINTIFF

VERSUS                          CIVIL ACTION NO. A2401-23-230

NEWREZ, LLC f/k/a NEW PENN
FINANCIAL, LLC d/b/a SHELLPOINT
MORTGAGE SERVICING; RUBIN
LUBLIN, LLC; NEK RESTAURANT
HOLDINGS, LLC; COLONY PARK
CONDOMINIUM ASSOCIATION, INC.;
WILLIAM L. PEEBLES; FELICIA D.
ALEXANDER AND JOHN DOE 1-5                          DEFENDANTS

FILED JUN 27 2023 CONNIE LADNER CIRCUIT CLERK BY: _____ D.C.

---

**COMPLAINT IN WRONGFUL FORECLOSURE, BREACH OF FIDUCIARY DUTY, CONVERSION, VOID SALE, SET ASIDE SUBSTITUTED TRUSTEE'S DEED, MONETARY DAMAGES AND OTHER RELIEF**

---

COMES NOW, the Estate of Betty Jean Alexander by and through Lee Morris Alexander, its Administrator, with approval of the Chancery Court of Harrison County, Mississippi and by and through undersigned counsel files this Complaint and in support thereof would show unto the Court the following, to-wit:

### PART I
### PARTIES

1.     Plaintiff, the Estate of Betty Jean Alexander, Deceased ("Estate"), by and through Lee Morris Alexander, Administrator, is currently being probated in the First Judicial District of Harrison County, MS and has a mailing address of 300 Davis Avenue, Ste. 101-A, Pass Christian, MS 3957. The Chancellor to whom the Estate was appointed has granted approval for the Estate to file this Complaint.



EXHIBIT A

2. Defendant, NewRez, LLC, f/k/a New Penn Financial, LLC a/k/a Shellpoint Mortgage Servicing, is a Delaware Limited Liability Company that is authorized to do business in Mississippi that is in good standing and can be served with a copy of the Summons and Complaint by serving its Registered Agent, Corporation Service Company, located at 109 Executive Drive, Ste. 3, Madison, MS 39110 and, if not found at that address, it may be served by serving the Mississippi Secretary of State c/o Michael Watson at his office located at 125 S Congress Street, Jackson, MS 39201 and if not found at either address undersigned knows of no other post office address for this Defendant after diligent search and inquiry and understands and believes that Plaintiff, after diligent search and inquiry, is also unaware of any other post office address for this Defendant who can be served by publication pursuant to MRCP 4(c)(4).

3. Defendant, Rubin Lublin, LLC, is a foreign limited liability company authorized to do business in Mississippi that is in good standing and can be served with a copy of the Summons and Complaint by serving its Registered Agent, Amanda Beckett, at 428 North Lamar Blvd., Ste. 107, Oxford, MS 38655, and, if not found at that address, it may be served by serving the Mississippi Secretary of State c/o Michael Watson at his office located at 125 S Congress Street, Jackson, MS 39201 and if not found at either address undersigned knows of no other post office address for this Defendant after diligent search and inquiry and understands and believes that Plaintiff, after diligent search and inquiry, is also unaware of any other post office address for this Defendant who can be served by publication pursuant to MRCP 4(c)(4).

4. Defendant, NEK Restaurant Holdings, LLC, is a foreign limited liability company not authorized to do business in Mississippi who can be served with a copy of the Summons and Complaint by serving its Registered Agent, Nkolika Aniedobe, at 528 Edgefield, Road, Ste. G, North Augusta, SC 29861, and, if not found at that address, it may be served by serving it at its

office address of P.O. Box 7238, North Augusta, SC 29861 and if not found at either address undersigned knows of no other post office address for this Defendant after diligent search and inquiry and understands and believes that Plaintiff, after diligent search and inquiry, is also unaware of any other post office address for this Defendant who can be served by publication pursuant to MRCP 4(c)(4).

5. Defendant, Colony Park Condominium Association, Inc., is a Mississippi non-profit corporation in good standing and authorized to do business in Mississippi who can be served with a copy of the Summons and Complaint by serving its Registered Agent, James R. Edelen, 2501 Gulf Avenue, Unit 10, Gulfport, MS 39501 and, if not found at that address, it may be served by serving the Mississippi Secretary of State c/o Michael Watson at his office located at 125 S Congress Street, Jackson, MS 39201 and if not found at either address undersigned knows of no other post office address for this Defendant after diligent search and inquiry and understands and believes that Plaintiff, after diligent search and inquiry, is also unaware of any other post office address for this Defendant who can be served by publication pursuant to MRCP 4(c)(4).

6. Defendant, William L. Peebles, is a resident of Mississippi that can be served with a copy of the Summons and Complaint by serving him at his business address located at 307 3rd Avenue, Hattiesburg, MS 39401 and if not found at that address he can be served at his home located at 110 Seventeen Place, Hattiesburg, MS 39402 and if not found at either address undersigned knows of no other post office address for this Defendant after diligent search and inquiry and understands and believes that Plaintiff, after diligent search and inquiry, is also unaware of any other post office address for this Defendant who can be served by publication pursuant to MRCP 4(c)(4).

7. Defendant, Felicia Alexander, is a non-resident of Mississippi who can be with a copy of the Summons and Complaint by serving her at 13601 Letti Lane, Pflugerville, TX 78660 and, if not found at that address undersigned knows of no other post office address for this Defendant after diligent search and inquiry and understands and believes that Plaintiff, after diligent search and inquiry, is also unaware of any other post office address for this Defendant who can be served by publication pursuant to MRCP 4(c)(4).

8. Defendants, John Doe 1-5, are currently unknown to Plaintiff but who believes their identity will be revealed during discovery of this matter at which time Plaintiff will substitute the known party for John Doe.

## PART II
## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction as the relief sought is one at law with incidental claims at law for equitable relief. Venue is proper in this Court as this is the county in which the real property is located and where a substantial act and/or omission leading to Plaintiff's damages accrued and/or occurred.

## P ART III
## CAUSES OF ACTION

### FACTUAL BACKGROUND

10. On August 4, 2020, Betty Jean Alexander (the "Decedent") departed this life having at the time of her death a fixed place of residence in, and being an adult resident citizen of, Harrison County, Mississippi and leaving an estate consisting of real and personal property located in the State of Mississippi. The real property has a municipal address of 2501 Gulf Ave, Unit 25, Gulfport, MS 39501 and being more particularly described as:

DWELLING UNIT TWENTY-FIVE (25), COLONY PARK CONDOMINIUM, ACCORDING TO THE DECLARATION THEREOF, DATED JULY 22, 1980, RECORDED IN DEED BOOK 887, AT PAGE 263, AND THE PLAT RECORDED IN PLAT BOOK 32 AT PAGE 25 OF THE PUBLIC RECORDS ON FILE AND OF RECORD IN THE OFFICE OF THE CHANCERY CLERK OF THE FIRST JUDICIAL DISTRICT OF HARRISON COUNTY, MISSISSIPPI.

11. There was a mortgage on the property initially in favor of Union Planters Bank that, through *mensa* conveyances, was assigned to NewRez, LLC by that certain Assignment of Mortgage/Deed of Trust dated August 26, 2020 and filed on August 26, 2020 as Instrument 2020-8493-T-J1.

12. At all times pertinent hereto, Defendant, William L. Peebles, attorney for the Estate and the Estate's initial Administratrix, Defendant, Felicia D. Alexander, were aware of the mortgage, knew payments were to be made and had sufficient funds on hand to make the required payments to preserve the Estate asset.

13. At all times pertinent hereto, Defendant, William L. Peebles, attorney for the Estate and the Estate's initial Administratrix, Defendant, Felicia D. Alexander intentionally refused to make payments as required to preserve the assets of the Estate.

14. At all times pertinent hereto, Defendant, William L. Peebles, attorney for the Estate and the Estate's initial Administratrix, Defendant, Felicia D. Alexander intentionally refused to make payments as required to the condominium association for dues and assessments.

15. At all times pertinent hereto, Defendant, William L. Peebles, attorney for the Estate and the Estate's initial Administratrix, Defendant, Felicia D. Alexander intentionally refused to make payments as required to protect the assets of the Estate by having the proper repairs made to the condominium after being informed that the door would not close or lock due to an accident where a vehicle ran into the building.

16. At all times pertinent hereto, Defendant, NewRez, LLC, f/k/a New Penn Financial, LLC a/k/a Shellpoint Mortgage Servicing ("NewRez"), was the mortgage holder and serving company

related to the mortgage and deed of trust filed against the property. NewRez, by and through its servicer, Shellpoint Mortgage Servicing, informed Lee Morris Alexander, sole beneficiary of the Estate at the time, that payments were overdue on the property mortgage.

17.     Additionally, NewRez informed Mr. Alexander in December 2020, that one-thousand dollars ($1,000.00) was past due and a payment in that amount needed to be made on the property to bring it current, as it was in "pre-foreclosure." Mr. Alexander made the payment as requested. Thereafter, Mr. Alexander made all other payments on the real property as required.

18.     Despite having payments current, knowing the property was an asset of the Estate and knowing the name and contact number of the sole beneficiary of the Estate, NewRez foreclosed on the property without ever contacting anyone. NewRez's actions were done with the sole intent to gain ownership of the property through deceptive means and sell the property at a profit to a known buyer. In fact, even after foreclosing on the property in June 2022, NewRez continued to accept payments from Mr. Alexander through March 2023 until Mr. Alexander finally stopped payments when he found out the property was foreclosed and he was locked out of the property. New Rez has converted Mr. Alexander's funds to its own use.

19.     Defendant, Rubin Lublin, LLC ("Rubin"), was the substituted trustee that performed the foreclosure at a time when it made no attempt to determine the owner of the property or obtain contact information to notify the proper persons regarding the property reinstatement. Additionally, Rubin foreclosed on a property that was current on the mortgage and did nothing to confirm the alleged debt that was allegedly past due.

20.     At all times pertinent hereto, Defendant, Colony Park Condominium Association, Inc. ("Colony Park") was aware of the true owner of the property and knew how to contact the owner but refused to provide the lender with that information. This occurred at a time when Colony

Park had been contacted by the mortgage company regarding its HOA lien who informed Colony Park it intended to foreclose and would pay off its lien at foreclosure.

21.   It is the Estates understanding and belief that other parties will be uncovered through discovery and names Defendants, John Doe 1-5, out of an abundance of caution to preserve any cause of action against other wrongdoers.

## COUNT I
## WRONGFUL FORECLOSURE

22.   The Estate and Defendants, New Rez and Rublin, have a valid and binding contract in the form of a deed of trust between the parties.

23.   Defendants, New Rez and Rublin, are required to abide by that contract which includes, among other things, foreclose only on real property that is delinquent in payments in violation of the deed of trust.

24.   Defendants, New Rez and Rublin, at all times knew the property was current on all payments.

25.   Defendants, NewRez and Rublin, also had a duty to conduct due diligence to determine who to contact prior to foreclosure and allow an opportunity to reinstate the mortgage. Defendant, NewRez knew the owner had passed away, that Mr. Alexander was making payments on the property, had numerous conversations with Mr. Alexander and had his contact information. Defendants, NewRez and Rublin, had a duty to contact the Estate or Mr. Alexander and intentionally avoided him to gain ownership of the property for their own personal gain. Had Defendants, NewRez and Rublin, contacted the Estate or Mr. Alexander, they would have been informed that the deed of trust was not in default and NewRez was holding Mr. Alexander's money sent to it for payment.

26. Defendants have broken that contract by failing to abide by the terms and conditions of the deed of trust, unilaterally and unjustifiably foreclosing on the property.

27. Defendants also breached the contract by telling Mr. Alexander he could make payments to stop the "pre-foreclosure" process and bring the property current and then intentionally not crediting the account with Mr. Alexander's payments to show it was current and to convert Mr. Alexander's money to its own use.

28. As a result of Defendant's actions, the Estate has been damaged.

## COUNT II
## CONVERSION

29. Defendants, NewRez, is in possession of money owned by Mr. Alexander who paid the money on behalf of the Estate to keep the property from going into foreclosure.

30. Mr. Alexander's money was never credited as the mortgage payments and is being converted by NewRez for its own use.

31. As a result of the actions of Defendants, the Estate has been damaged.

## COUNT III
## BREACH OF GOOD FAITH AND FAIR DEALING

32. Every contract, such as the deed of trust, contains an implied covenant of good faith and fair dealing.

33. Defendants unilaterally converted to their own use money paid by Mr. Alexander to keep the mortgage payments current which Defendants never credited to the account. Such behavior constitutes bad faith.

34. Defendants refused to thoroughly investigate this matter and continued to intentionally take money from Mr. Alexander for almost a year after Defendants foreclosed on the property. Such behavior constitutes bad faith.

35. Defendants conducted a foreclosure sale knowing the mortgage account was current rendering the foreclosure sale flawed. Such behavior constitutes bad faith.

36. The Estate has been damaged as a result of the Defendants' breach of the implied duty of good faith and fair dealing.

### COUNT IV
### INTENTIONAL/NEGLIGENT MISREPRESENTATION

37. Defendant, NewRez, represented to Mr. Alexander that if he made the initial payment of one thousand dollars ($1,000.00) and continued to make the required monthly payments the mortgage account would be brought current and continue to stay current.

38. NewRez knew that the promise to take the mortgage out of "pre-foreclosure" and keep the account current was material to Mr. Alexander who was paying on behalf of the Estate.

39. Mr. Alexander reasonably relied upon the misrepresentation of NewRez.

40. Defendants made no contact with the Estate or Mr. Alexander when it decided to foreclose despite knowing Mr. Alexander was paying the note on behalf of his deceased sister and the Estate.

41. The Defendants failed to exercise the degree of diligence and expertise Plaintiff is entitled to expect from Defendants for not thoroughly investigating the matter prior to foreclosure.

42. Plaintiff has suffered damages as a direct and proximate result of such reasonable reliance on Defendants' misrepresentations.

### COUNT V
### DECLARATORY RELIEF

43. Defendants are in possession of money sent by Mr. Alexander on behalf of the Estate to take the property out of "pre-foreclosure" and keep the account current.

44. Despite having spoken to Mr. Alexander on numerous occasions and accepting his money to be credited to the account of his sister, Betty Alexander, Defendants foreclosed.

45. The Estate seeks a declaratory ruling that the money paid by Mr. Alexander to NewRez was a material element of the contract regarding the real property Note and Deed of Trust.

46. Further, the Estate seeks a declaratory ruling that it was not in default on the mortgage payments at the time of the foreclosure.

47. Further, the Estate seeks a declaratory ruling that the foreclosure sale divesting the Estate of the real property be voided as defective.

48. Further, the Estate seeks a declaratory judgment ruling the substituted trustee had no authority to conduct a foreclosure sale knowing the debt was current and the deed issued by the substituted trustee should be set aside.

49. Further, and strictly in the alternative, the Estate would like a declaratory ruling that it should be allowed to resume making the mortgage and any alleged payments not made be added onto the back of the Note.

## COUNT VI
## MONETARY DAMAGES

50. A foreclosure sale was wrongfully conducted on the Estate's property.

51. The deceased, Betty Alexander, was the matriarch of the family and held an extensive amount of family heirlooms.

52. Mr. Alexander became the patriarch of the family upon the passing of his sister and did everything he knew to do to preserve the real property and its invaluable contents.

53. Defendants, even though they knew the mortgage payments were current, foreclosed anyway and took possession of the real property so they could resell it at an enormous profit.

Additionally, they had no concern for all of the family heirlooms which were removed and/or destroyed.

54. On March 13, 2023, undersigned sent a letter to Defendants, NewRez, Rubin and NEK Restaurant Holdings, LLC ("NEK") informing them of the wrongful foreclosure and requesting all personal property removed from the real property be returned.

55. As of the date of this filing, no one has responded.

56. Additionally, NEK continues to possess the property and make renovations at its own risk.

57. The Estate has been damaged as a direct and proximate result of Defendants' intentional actions.

## PART IV
## PRAYER FOR RELIEF

Plaintiff prays that after a jury trial on this matter the Court will issue a judgment granting the following relief:

    a. Finding Defendants are in breach of contract/deed of trust;

    b. Defendants converted Estate funds to their own personal use and all shall be returned including prejudgment interest from the date each payment was received by Defendants;

    c. Finding Defendants have acted in bad faith warranting punitive damages;

    d. Finding Defendants intentionally/negligently misrepresented facts to Plaintiff which Plaintiff relied on to his detriment;

    e. Declaring that Defendants

        i. are in possession of money sent by Mr. Alexander on behalf of the Estate to take the property out of "pre-foreclosure" and keep the account current;

        ii. had communication with Mr. Alexander on numerous occasions and accepted his money to be credited to the account of his sister, Betty Jean Alexander, Deceased;

  iii. that the foreclosure sale divesting the Estate of the real property be voided as defective;

  iv. that the substituted trustee had no authority to conduct a foreclosure sale;

  v. the debt was current and the deed issued by the substituted trustee should be set aside.

  vi. Plaintiff was not in default of the deed of trust at the time of the foreclosure;

  vii. Defendants performed no due diligence to contact the Estate of Mr. Alexander;

f. Awarding the Estate compensatory damages in an amount to be determined by a jury but in no instance less than seven hundred and fifty thousand dollars ($750,000.00)

g. Awarding the Estate exemplary damages, including costs, expenses, and pre-judgment interest in the amount to be determined by a jury but in no instance less than one million dollars ($1,000,000.00) to and punish Defendants for their behavior;

h. Attorney fees, costs and expenses related to this litigation;

f. Any and all general relief to which Plaintiff is entitled.

**WHEREFORE PREMISES CONSIDERED**, the Plaintiff prays this Court will grant it the relief requested and if mistaken in its prayer for relief, to any and all relief available to it under the laws of the United States and the State of Mississippi.

**RESPECTFULLY SUBMITTED**, this the 27th day of June 2023.

      The Estate of Betty Jean Alexander, Deceased, Plaintiff

      BY: NEGROTTO & ASSOCIATES, PLLC

      BY: */s/ Lewie G. "Skip" Negrotto IV*
        Lewie G. "Skip" Negrotto IV (10060)
        NEGROTTO & ASSOCIATES, PLLC
        300 Davis Avenue, Ste. 101-A
        Pass Christian, MS 39571
        Telephone: (228) 222-4777
        Facsimile: (866) 526-0715
        E-Mail: skip@negrottolaw.com

| COVER SHEET Civil Case Filing Form (To be completed by Attorney/Party Prior to Filing of Pleading) | Court Identification Docket # | | | Case Year | Docket Number |
|---|---|---|---|---|---|
| | 24 | 1 | CI | 2023 | 70230 |
| | County # | Judicial District | Court ID (CH, CI, CO) | | |
| Mississippi Supreme Court   Form AOC/01 | 06 | 27 | 23 | | Local Docket ID |
| Administrative Office of Courts   (Rev 2020) | Month | Date | Year | | |
| | This area to be completed by clerk | | | | Case Number if filed prior to 1/1/94 |

In the CIRCUIT Court of HARRISON County — FIRST Judicial District

**Origin of Suit** (Place an "X" in one box only)
- [X] Initial Filing
- [ ] Reinstated
- [ ] Foreign Judgment Enrolled
- [ ] Transfer from Other court
- [ ] Other
- [ ] Remanded
- [ ] Reopened
- [ ] Joining Suit/Action
- [ ] Appeal

**Plaintiff** - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form

Individual: Alexander (Last Name)   Lee (First Name)   (Maiden Name, if applicable)   M (M.I.)   (Jr/Sr/III/IV)

[X] Check (x) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of Betty Jean Alexander

[ ] Check (x) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity D/B/A or Agency

**Business**

[ ] Check (x) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below: D/B/A

**Address of Plaintiff**

Attorney (Name & Address): Lewie G. Negrotto IV, 300 Davis Ave., Ste. 101-A, Pass Christian, MS 39571   MS Bar No. 10060

[ ] Check (x) if individual Filing Initial Pleading is NOT an attorney

Signature of Individual Filing:

**Defendant** - Name of Defendant - Enter Additional Defendants on Separate Form

Individual: (Last Name)   (First Name)   (Maiden Name, if applicable)   L (M.I.)   (Jr/Sr/III/IV)

[ ] Check (x) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style: Estate of

[ ] Check (x) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity: D/B/A or Agency

**Business**: New Rez, LLC f/k/a New Penn Financial, LLC a/k/a Shellpoint Mortgage Servicing

[ ] Check (x) if Business Defendant is acting in the name of an entity other than the above, and enter below: D/B/A

Attorney (Name & Address) - If Known   MS Bar No.

[ ] Check (x) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

**Nature of Suit** (Place an "X" in one box only)

**Domestic Relations**
- [ ] Child Custody/Visitation
- [ ] Child Support
- [ ] Contempt
- [ ] Divorce: Fault
- [ ] Divorce: Irreconcilable Diff.
- [ ] Domestic Abuse
- [ ] Emancipation
- [ ] Modification
- [ ] Paternity
- [ ] Property Division
- [ ] Separate Maintenance
- [ ] Term. of Parental Rights-Chancery
- [ ] UIFSA (eff 7/1/97; formerly URESA)
- [ ] Other

**Appeals**
- [ ] Administrative Agency
- [ ] County Court
- [ ] Hardship Petition (Driver License)
- [ ] Justice Court
- [ ] MS Dept Employment Security
- [ ] Municipal Court
- [ ] Other

**Business/Commercial**
- [ ] Accounting (Business)
- [ ] Business Dissolution
- [ ] Debt Collection
- [ ] Employment
- [ ] Foreign Judgment
- [ ] Garnishment
- [ ] Replevin
- [ ] Other

**Probate**
- [ ] Accounting (Probate)
- [ ] Birth Certificate Correction
- [ ] Mental Health Commitment
- [ ] Conservatorship
- [ ] Guardianship
- [ ] Joint Conservatorship & Guardianship
- [ ] Heirship
- [ ] Intestate Estate
- [ ] Minor's Settlement
- [ ] Muniment of Title
- [ ] Name Change
- [ ] Testate Estate
- [ ] Will Contest

**Children/Minors - Non-Domestic**
- [ ] Adoption - Contested
- [ ] Adoption - Uncontested
- [ ] Consent to Abortion
- [ ] Minor Removal of Minority
- [ ] Other

**Civil Rights**
- [ ] Elections
- [ ] Expungement
- [ ] Habeas Corpus
- [ ] Post Conviction Relief/Prisoner
- [ ] Other

**Contract**
- [ ] Breach of Contract
- [ ] Installment Contract
- [ ] Insurance
- [ ] Specific Performance
- [ ] Other

**Statutes/Rules**
- [ ] Bond Validation
- [ ] Civil Forfeiture
- [ ] Declaratory Judgment
- [ ] Injunction/Restraining Order
- [ ] Other

- [ ] Alcohol/Drug Commitment (Voluntary)
- [ ] Other
- [ ] Alcohol/Drug Commitment (Involuntary)

**Real Property**
- [ ] Adverse Possession
- [ ] Ejectment
- [ ] Eminent Domain
- [ ] Eviction
- [ ] Judicial Foreclosure
- [ ] Lien Assertion
- [ ] Partition
- [ ] Tax Sale: Confirm/Cancel
- [ ] Title Boundary or Easement
- [ ] Other

**Torts**
- [ ] Bad Faith
- [ ] Fraud
- [ ] Intentional Tort
- [ ] Loss of Consortium
- [ ] Malpractice - Legal
- [ ] Malpractice - Medical
- [ ] Mass Tort
- [ ] Negligence - General
- [ ] Negligence - Motor Vehicle
- [ ] Premises Liability
- [ ] Product Liability
- [ ] Subrogation
- [ ] Wrongful Death
- [X] Other Wrongful Foreclosure

IN THE _CIRCUIT_ COURT OF _HARRISON_ COUNTY, MISSISSIPPI

_FIRST_ JUDICIAL DISTRICT, CITY OF _Gulfport_

Docket No. _2023_ - _60230_ _CI-2401_  Docket No. If Filed
File Yr  Chronological No.  Clerk's Local ID  Prior to 1/1/94 _____

**DEFENDANTS IN REFERENCED CAUSE - Page 1 of __ Defendants Pages
IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET**

**Defendant #2:**

**Individual:** _Peebles_ _William_ ( _____ ) _L_
 Last Name  First Name  Maiden Name, if Applicable  Middle Init.  Jr/Sr/III/IV

__ Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

__ Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** _____
 Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

__ Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)__ Not an Attorney(✓)__

**Defendant #3:**

**Individual:** _Alexander_ _Felicia_ ( _____ ) _____
 Last Name  First Name  Maiden Name, if Applicable  Middle Init.  Jr/Sr/III/IV

__ Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

__ Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** _____

__ Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)__ Not an Attorney(✓)__

**Defendant #4:**

**Individual:** _____

__ Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

__ Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** _Rubin Lublin, LLC_

__ Check (✓) if Business Defendant is being sued in the name of an entity other than the above, and enter below:

D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓)__ Not an Attorney(✓)__

IN THE _CIRCUIT_____ COURT OF _HARRISON_____ COUNTY, MISSISSIPPI

_FIRST_____ JUDICIAL DISTRICT, CITY OF

Docket No. _2023_ - _60230_  _CI-2401_   Docket No. If Filed
         File Yr    Chronological No.   Clerk's Local ID   Prior to 1/1/94 _____

DEFENDANTS IN REFERENCED CAUSE - Page __ of __ Defendants Pages
IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET

**Defendant # 5 :**

Individual: _____  _____ ( _____ ) _____  _____
            Last Name            First Name        Maiden Name, if Applicable  Middle Init.  Jr/Sr/III/IV

___ Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___ Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** _NEK Restaurant Holdings, LLC_____
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___ Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓) ___ Not an Attorney(✓) ___

**Defendant # 6 :**

Individual: _____  _____ ( _____ ) _____  _____
            Last Name            First Name        Maiden Name, if Applicable  Middle Init.  Jr/Sr/III/IV

___ Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___ Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** _Colony Park Condominium Association, Inc_____
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___ Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓) ___ Not an Attorney(✓) ___

**Defendant # 7 :**

Individual: _Doe 1-5_____  _John_____ ( _____ ) _____  _____
            Last Name            First Name        Maiden Name, if Applicable  Middle Init.  Jr/Sr/III/IV

___ Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___ Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** _____
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___ Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

ATTORNEY FOR THIS DEFENDANT: _____ Bar # or Name: _____ Pro Hac Vice (✓) ___ Not an Attorney(✓) ___